UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAY A. LOVISCEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-01158-SEB-MJD |
| ) | |
| NANCY A. BERRYHILL[1], Acting ) | |
| Commissioner of the Social Security ) | |
| Administration ) | |
| ) | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Kay A. Loviscek ("Loviscek") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3)(A). For the reasons set forth below, the Magistrate Judge recommends that the District Judge **AFFIRM** the decision of the Commissioner.

I. Background

Loviscek filed applications for DIB and SSI on February 16, 2013, alleging an onset of disability date of April 30, 2011 [Dkt. 14-2 at 14.] Loviscek alleges disability due to degenerative disc disease, fibromyalgia, obesity, anxiety, and a phobia of heights.[2] [Dkt. 14-2 at

---

[1] Nancy A. Berryhill is substituted in for Carolyn W. Colvin as the nominal defendant pursuant to Federal Rule of Civil Procedure 25(d).
[2] Loviscek and the Commissioner recited the relevant factual and medical background in more detail in their opening briefs. [*See* Dkt. 17 and Dkt. 18.] Because these facts involve Loviscek's confidential and otherwise sensitive medical information, the Court will incorporate by reference the factual background in the parties' briefs but will articulate specific facts as needed below.

19.] Loviscek's application was initially denied on May 2, 2013, and denied again on July 18, 2013, upon reconsideration. [Dkt. 14-2 at 14.] Loviscek timely filed a written request for a hearing, which was held on December 3, 2014, before Administrative Law Judge Daniel Mages. ("ALJ"). [*Id.*] The ALJ issued a decision on December 16, 2014, again denying Loviscek's applications for SSI. [Dkt. 14-2 at 11.] On March 7, 2016, the Appeals Council denied Loviscek's request for review, making the ALJ's decision the final decision for purposes of judicial review. [Dkt. 14-2 at 1.] Loviscek timely filed her Complaint with this Court on May 10, 2016, which Complaint is now before the Court.

## II. Legal Standard

To be eligible for DIB or SSI, a claimant must have a disability pursuant to 42 U.S.C. § 423.[3] Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, he is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits his ability to perform basic work activities, he is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is

---

[3] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for Disability Insurance Benefits and Supplemental Security Income claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provisions as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

2

disabled; (4) if the claimant is not found to be disabled at step three and he is able to perform her past relevant work, he is not disabled; and (5) if the claimant is not found to be disabled at step three and cannot perform his past relevant work but he can perform certain other available work, he is not disabled. 20 C.F.R. § 404.1520. Before proceeding from step three to step four, the ALJ must assess the claimant's residual functional capacity (RFC), identifying the claimant's functional limitations and assessing the claimant's remaining capacity for work-related activities. S.S.R. 96-8p.

      The ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This Court may not reweigh the evidence or substitute its judgment for that of the ALJ but may only determine whether substantial evidence supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citing *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (citing *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985); *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984)). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into his reasoning" and "build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

### III. The ALJ's Decision

The ALJ first determined that Loviscek has not engaged in substantial gainful activity since April 30, 2011, the application date. [Dkt. 14-2 at 16.] At step two, the ALJ determined that Loviscek "has the following severe impairments: degenerative disc disease, fibromyalgia, obesity, anxiety, and a phobia of heights." *Id.* However, at step three, the ALJ found that Loviscek does not have an impairment or combination of impairments that meets or medically equals a listed impairment. [Dkt. 14-2 at 17.] In making this determination, the ALJ considered Listings 1.04 (Disorders of the Spine), 14.09D (Inflammatory Arthritis), and 12.06 (Anxiety Disorder) for Loviscek's impairments, but found that the medical evidence did not support all criteria of those listings. *Id*.

The ALJ next analyzed Plaintiff's residual functional capacity ("RFC"). He concluded that Plaintiff had the RFC to perform a range of light work as follows:

> Sitting six hours during an eight-hour workday; standing and walking six hours during an eight-hour workday; lifting, carrying, pushing and pulling twenty pounds occasionally and ten pounds frequently; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling; no climbing ladders, ropes or scaffolds; no work at unprotected heights; frequent fingering, handling and reaching bilaterally; simple routine tasks with the ability to attend, concentrate and persist for two hours at a time; and no more than superficial interaction with the public, coworkers or supervisors.

In finding these limitations, the ALJ considered Loviscek's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." [Dkt. 14-2 at 19.] The ALJ then acknowledged that the evidence presented could reasonably show that Loviscek suffers from the symptoms she alleges, but he found her statements "not fully consistent with the evidence of record." [Dkt. 14-2 at 23.] At step four, the ALJ concluded the Plaintiff is unable to perform any past relevant work. [Dkt. 14-2 at 24.] The ALJ thus proceeded to step five, at which time he received testimony from the

4

vocational expert indicating that someone with Plaintiff's education, work experience, age, and RFC would be able to perform unskilled light occupations such as a housekeeper, plastics packager, or small products assembler. Because these jobs existed in significant numbers in the national economy, the ALJ concluded that Plaintiff was not disabled. [Dkt. 14-2 at 25.]

## IV. Discussion

Loviscek asserts the ALJ committed various errors that require remand. Specifically, Loviscek challenges the ALJ's RFC and credibility determinations.

### A. Residual Functional Capacity

Loviscek challenges the ALJ's RFC determination in two sections of her brief, but both arguments focus on the ALJ's decision to give little weight to the opinion of her treating physician, Dr. Giacomini. First, Loviscek argues the ALJ's failure to properly evaluate Dr. Giacomini's opinion warrants remand. [Dkt. 17 at 10-15.] Second, Loviscek asserts the ALJ's failure to include all of the limitations imposed by Dr. Giacomini in the hypothetical to the Vocational Examiner ("VE") also warrants remand. [Dkt. 17 at 18-19.]

At the time of the hearing, Loviscek had treated with Dr. Giacomini, a pain management physician, approximately once a month since 2010. Typically, the opinion of a treating source on "the nature and severity of a medical condition is entitled to controlling weight if supported by medical findings and consistent with substantial evidence in the record." *Schmidt v. Astrue,* 496 F.3d 833, 842 (7th Cir. 2007) (quoting *Skarbek v. Barnhart,* 390 F.3d 500, 503 (7th Cir. 2004)); *see also* 20 C.F.R. § 404.1527(d)(2). However, the opinion of a treating source "is not the final word on a claimant's disability." *Schmidt,* 496 F.3d at 842 (internal quotations and citations omitted). The Seventh Circuit has recognized that, while a treating physician has the advantage over other physicians because he has spent more time with the claimant, many physicians will

5

"bend over backwards to assist a patient in obtaining benefits." *Hofslien v. Barnhart,* 439 F.3d 375, 377 (7th Cir. 2006.) Therefore, "the weight properly given to testimony or other evidence of a treating physician depends on circumstances." *Id.* Accordingly, the ALJ may discount a treating physician's medical opinion if it "is inconsistent with the opinion of a consulting physician or when the treating physician's opinion is internally inconsistent, as long as he minimally articulates his reasons for crediting or rejecting evidence of disability." *Schmidt,* 496 F.3d at 842.

      Dr. Giacomini completed Residual Functional Capacity Questionnaires in 2013 and 2014 that recommended quite extreme physical restrictions. For example, Dr. Giacomini reported that Loviscek would require six to eight breaks *per hour* during an eight-hour workday, lasting 10 to 15 minutes each. [Dkt. 14-8 at 25.] Dr. Giacomini further opined that Loviscek could sit zero hours per workday and stand/walk zero hours per workday. *Id*. Although the ALJ discussed Dr. Giacomini's findings in detail, ultimately the ALJ gave those opinions "little weight" because they were not supported by Dr. Giacomini's own treatment notes or other medical evidence. [Dkt. 14-2 at 24.]

      Loviscek notes that, contrary to the ALJ's assertion, Dr. Giacomini's opinions are internally consistent with his other examination records. On this point, Loviscek is correct. Dr. Giacomini's Pain Management Follow-Up Notes for Loviscek's visits between 2010 and 2014 (there were more than 50 of them in the medical record), generally indicate Loviscek's complaints of debilitating pain with various positive results for different physical exam findings. However, to the extent the ALJ erroneously relied upon internal inconsistency as support for the diminished weight given to Dr. Giacomini's RFC questionnaires, such error is harmless in light of other inconsistent medical evidence discussed and relied upon by the ALJ.

6

A treating physician's opinion is entitled to controlling weight so long as it is supported by objective medical evidence and is consistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2). When an ALJ decides to not give controlling weight to a treating physician's opinion, he must decide what weight to give the opinion based on certain factors such as the length and nature of the treating relationship, whether the opinion is supported by the evidence, consistency with the record as a whole and whether the treating physician was a specialist in the relevant area. *See* 20 C.F.R. § 404.1527(c). Here, Dr. Giacomini's examination records stand in stark contrast to the remainder of Loviscek's medical records. The ALJ noted that consultative examiner Dr. Shahda reported a month before Dr. Giacomini completed the first RFC questionnaire that Loviscek had no difficulty getting out of a chair or on and off the exam table; stood and walked without assistive measures; and had normal range of motion and muscle strength. [Dkt. 14-2 at 21.] The ALJ further noted Dr. Schneider's conclusion following Loviscek's mental status examination that "he had little doubt that the claimant also exaggerated her pain complaints at times in the interest of obtaining and staying on the medications, and that it is probably likewise with her claims of panic attacks and attention deficit disorder." [Dkt. 14-2 at 22.]

The ALJ ultimately gave Dr. Giacomini's opinion little weight because there was no other evidence in the record to support the extreme physical restrictions Dr. Giacomini imposed upon Loviscek. Because the ALJ "minimally articulated" this reasoning, the Court finds the ALJ did not err in giving Dr. Giacomini's opinion little weight and not including those restrictions in the hypothetical to the VE.

## B. **Credibility Determination**

Loviscek also challenges the ALJ's determination that Loviscek's description of her subjective symptoms was not entirely credible. ALJ credibility determinations are given deference because ALJs are in a special position to hear, see, and assess witnesses. *Shideler v. Astrue,* 688 F.3d 306, 311 (7th Cir. 2012). Therefore, the Court will only overturn the ALJ's credibility determination if it is patently wrong, which means that the decision lacks any explanation or support. *Elder v. Astrue,* 529 F.3d 408, 413–14 (7th Cir. 2008). In drawing conclusions, the ALJ must "explain her decision in such a way that allows us to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record." *McKinzey v. Astrue,* 641 F.3d 884, 890 (7th Cir. 2011).

In discounting Loviscek's credibility, the ALJ discussed each of the factors set forth in Social Security Ruling 96-7p:[4] (1) the individual's daily activities; (2) location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication; (5) treatment, other than medication, for relief of pain or other symptoms; (6) other measures taken to relieve pain or other symptoms; (7) other factors concerning functional limitations due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

The ALJ first noted that Loviscek testified to fairly limited daily activities (she has one good day per month and spends all other days in bed), but "at certain points in the record, she admits to more abilities than she alleges." [Dkt. 14-2 at 23.] Loviscek cooks, cleans, and shops

---

[4] On March 28, 2016, Social Security Ruling 16-3p became effective and issued new guidance regarding the evaluation of a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 28, 2016). Under SSR 16-3p, an ALJ now assesses a claimant's subjective symptoms rather than assessing her "credibility." However, SSR 16-3p is not retroactive; therefore, the "credibility determination" in the ALJ's December 16, 2014 decision is governed by the standard of SSR 96-7p.

for herself and her 16-year old son, and occasionally worked as a housekeeper as late as March 2013. In light of the generally normal findings by Dr. Shahda and Dr. Schneider's conclusion that Loviscek was a "malingerer" and appeared to be "drug-seeking," the ALJ discounted Loviscek's complaints of debilitating pain.

Addressing medications, the ALJ noted that while Loviscek indicated in her disability reports that her various medications made her drowsy and dizzy, she did not report any side effects to her physicians. [Dkt. 14-2 at 24.] Furthermore, there was no evidence that Loviscek took any measures to treat her pain (such as physical therapy) other than pain medications. As the ALJ provided a thorough explanation for discounting Loviscek's credibility and a logical bridge to supporting evidence in the record, the credibility determination is not patently wrong and remand is not warranted.

## V. Conclusion

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record. As the Court cannot find a legal basis to overturn the ALJ's determination that Loviscek does not qualify for disability benefits, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

**Notice Regarding Objections**

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Davis v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Dated: 28 MAR 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Howard D. Olinsky
OLINSKY LAW GROUP
holinsky@windisability.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov